HAMMACHER. Appellant, vs. TOWN OF NEW BERLIN, Respondent.

*January 31—February 21, 1905.*

*Highways: Duty of town: Injury to pedestrian on footpath: Absence of railing at culvert: Proximate cause: Judgment* non obstante.

1. Towns are not required to keep country roads in suitable condition for travel for their whole width, nor to build sidewalks thereon.
2. One who, while walking at night in a footpath, not prepared for public travel, beside a country road with which he was familiar, failed to follow such path into the traveled roadway and over a culvert, and so walked into a ditch and was injured, cannot recover from the town for such injury.
3. The absence of any railing or guard to prevent a traveler on the prepared roadway from falling off the end of the culvert, is immaterial in such a case, since such a railing would not have prevented the accident.
4. Where on the undisputed facts a verdict for defendant should have been directed, it is proper to grant judgment for defendant notwithstanding the verdict.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

This is an action for personal injuries received by the plaintiff while walking on a highway in the defendant town

April 16, 1901, at about half past 8 o'clock p. m.    The facts were not in dispute.    The highway in question runs east and west, and is a well-traveled country road, fifty feet in width. There is a smooth, graveled roadway in the center, fifteen feet or more in width.    A culvert, made of a round drain tile, two feet in diameter, and laid at a depth of three and one half feet below the surface, crossed the traveled roadway nearly at right angles, for the purpose of draining surface water from the higher lands south of the highway to lower lands upon the north.    The pipe in question was about twenty feet long, and emptied into an open ditch at the north end, which ditch extended northward across the remainder of the highway.    There was no railing at the north end of the culvert nor at the sides of the ditch.    The plaintiff lived about 300 feet west of the culvert, on the north side of the road, and was well acquainted with the highway and the culvert.    About 400 feet east of the culvert, on the north side of the road, was the store of one Ingersoll.    There was no prepared footway on either side of the highway, but there was a narrow footpath made by pedestrians on the north side, running from the Ingersoll store to a point about eight feet east of the culvert, at which place it curved to the south and came up to the traveled road, into which it merged.    The plaintiff testified that the evening in question was very dark; that he left the Ingersoll store, and was going home, and walked along this footpath; that he did not notice the turn in the path, and walked on and fell into the ditch just about a foot north of the culvert, and fractured the kneecap of his left leg.

The jury rendered the following special verdict:

"(1) Was the plaintiff injured as claimed at the place alleged in the complaint?    A. Yes.    (2) Was the highway in question, at the time and place of the plaintiff's said injury, in such condition that an injury to an ordinarily prudent traveler thereon would be the natural and probable result? A. Yes.    (3) If you answer the second question 'Yes,' then ought such condition of the highway in question reasonably

to have been foreseen and anticipated by reasonably prudent officers of the defendant town in the discharge of their duties as such officers? *A.* Yes. (4) Did the want of ordinary care on the part of the plaintiff contribute to produce the injury he received? *A.* No. (5) What sum will compensate the plaintiff for his said injury; that is, In what sum do you assess his damages for medical and surgical attention and services, medicine, care and nursing rendered him, which was sustained by reason of said injury? *A.* $200. In what sum of money do you assess the damages of the plaintiff for the earnings which he failed to earn on account of the said injury? *A.* $500. In what sum do you assess the plaintiff's damage for the bodily and mental pain, suffering, and disability which he has sustained, resulting from the said injury? *A.* $800. In what sum do you assess the plaintiff's damages for the bodily and mental pain, suffering, and disability which will result, and which the plaintiff sustained, from said injury? *A.* $400. In all, at what sum do you assess the plaintiff's damages? *A.* $1,900."

The plaintiff moved for judgment upon the verdict, and the defendant moved for judgment *non obstante,* and also moved to change the answers of the special verdict. The court changed the answers to the second and third questions from "Yes" to "No," and the answer to the fourth question from "No" to "Yes," and also changed the finding as to damages so that the total damages were fixed at $951.25, and entered judgment for the defendant, from which the plaintiff appeals.

For the appellant the cause was submitted on a brief by *P. G. Lewis.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *E. Merton.* They argued, among other things, that if the usual traveled way of a highway is reasonably open and in safe condition, and the traveler is injured because he changes to, or deems it more judicious to take, a side path, which proves unsafe, he cannot recover. *Burr v. Plymouth,* 48 Conn. 460, 472; *Ozier v. Hinesburgh,* 44 Vt. 220; *Massey v. Columbus,* 75 Ga. 658; *Zettler v. Atlanta,* 66 Ga. 195; *Sykes v. Pawlet,* 43 Vt. 446; *O'Laughlin*

*v. Dubuque,* 42 Iowa, 539; *Alline v. Le Mars,* 71 Iowa, 654; *Harwood v. Oakham,* 152 Mass. 421. If one, for his own convenience and without necessity, drives outside of the limits of a highway, and is injured there by reason of an excavation, he cannot recover against the municipality as for a defect in the highway. *Biggs v. Huntington,* 32 W. Va. 55; *Fitzgerald v. Berlin,* 64 Wis. 203.

WINSLOW, J. The highway in question was a country road. Towns are not required to keep such roads in suitable condition for travel for their whole width, nor are they required to build sidewalks thereon. Such a requirement would involve a greater expense, both for the town and for adjoining landowners, than has been thought reasonable as yet. Possibly the time may come when it will be deemed proper to require sidewalks upon such highways, but that time is not yet. The town has performed its duty if it properly grades and prepares a part of the highway of reasonable width, and keeps the same in a suitable condition for the use of passengers either on foot or in a conveyance. *Kelley v. Fond du Lac,* 31 Wis. 179. It is true that, if it leaves an unguarded excavation in such close proximity to the traveled and prepared track that passengers using such track are in danger of falling therein while exercising ordinary care, it fails in its duty. So, in the present case, if the plaintiff had been using the traveled track, and stepped off from the end of the culvert, probably there would have been a question for the jury whether the lack of a rail or guard constituted negligence, and also whether the plaintiff was exercising due care in his traveling. But that was not this case. It is undisputed that the plaintiff was very familiar with the road and with its condition at this point. He was knowingly using a part of the highway which had not been prepared for public travel. In so doing he walked into the ditch. No railing or guard designed for the purpose of protecting persons traveling on the

prepared way from the danger of falling off the end of the culvert would have prevented the plaintiff from falling into the ditch. Upon the undisputed facts, therefore, he was not entitled to recover, and a verdict for the defendant should have been directed. Failing in this, the court properly granted judgment for the defendant notwithstanding the verdict. *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800.

*By the Court.*—Judgment affirmed.