SCHRODER, APPELLANT, *v.* MONTANA IRON WORKS, RESPONDENT.

(No. 2,623.)

(Submitted March 11, 1909.   Decided March 20, 1909.)

[100 Pac. 619.]

*Master and Servant—Personal Injuries—Defective Appliances—*
*Pleadings—Complaint—Sufficiency—Contributory Negligence*
*—Assumption of Risk.*

Personal Injuries—Complaint—Contributory Negligence.

1.  In a personal injury action the plaintiff need not allege his freedom from contributory negligence; its presence is a matter of defense.

Same.

2.  When the complaint in an action to recover damages for personal injuries alleges facts from which, by fair interpretation, negligence on the part of plaintiff, which was a proximate cause of the injury, must be inferred, it is demurrable unless the pleading alleges further facts showing that plaintiff was nevertheless acting with due care.

Same—Master and Servant—Complaint—Assumption of Risk.

3.  If the facts stated in the complaint of a servant in an action to recover damages from the master on account of personal injuries fairly support the conclusion that plaintiff assumed the risk, the pleading must be held not to state a cause of action.

Same—Master and Servant—Assumption of Risk—Extraordinary Danger.

4.  Beyond the ordinary risks of his employment, the servant does not assume any risk, except by express agreement or where the circumstances are such that he must be presumed to have done so from the fact that he continued in the employment, though the extraordinary danger was known to him or was so obvious that he must be presumed to have had knowledge of it.

Same.

5.  A servant has a right to presume that the employer's duty to use ordinary care to furnish him reasonably safe and suitable appliances

has been observed; hence his duty is to yield instant obedience in the use of them, and he will not be held to have assumed the risk of any injury of an unusual danger incident to such use, unless he knew of it, or it was so obvious that he must be presumed to have observed it.

Same—Assumption of Risk—Complaint—Sufficiency.

6. Plaintiff was injured while in the employ of defendant company as a teamster, through the breaking of a chain by means of which a heavy iron casting was being lifted from his wagon. The complaint alleged that the chain was wholly insufficient and unsafe, in that it was not of sufficient size to hold or bear the weight of the casting, all of which was known to defendant but of which plaintiff was ignorant. *Held,* that the allegation was not demurrable as importing that plaintiff had, or should have had, knowledge that the chain's tensile strength was not sufficient to bear the weight of the casting, and that he, therefore, assumed the risk of the danger incident to the weakness of the chain.

Same—Contributory Negligence—Complaint—Sufficiency.

7. Nor was the complaint demurrable as showing that plaintiff was guilty of contributory negligence in going so near to the suspended casting as to be hurt by its fall; it was necessary for him to do so in order to release the chain and thus to complete the task assigned him, and he had a right to assume that the chain would not break.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Daniel Schroder against the Montana Iron Works for injuries received by plaintiff while in defendant's employ as a teamster. From a judgment for defendant on sustaining a demurrer to the complaint, plaintiff appeals. Reversed and remanded.

*Messrs. Breen & Hogevoll,* for Appellant.

*Messrs. McBride & McBride,* for Respondent.

The complaint shows a mature servant employed to move castings with a chain obviously, clearly, apparently, totally, entirely, completely, in a word, wholly, insufficient to hold the particular casting he was about to move, and that in moving that particular casting with such chain the chain broke and the servant was injured. Such pleading shows upon its face an assumed risk on the part of the plaintiff, and the defendant cannot be held liable for any injury sustained by him under such circumstances. (See *Kilroy* v. *Foss,* 161 Mass. 138, 36 N. E. 746; *Rowe* v. *Arnold,* 39 Ind. 24; Labatt on Master and Servant,

sec. 855; *Whitelaw* v. *Memphis etc. Co.,* 16 Lea, 391, 1 S. W. 37;
*Missouri P. R. Co.* v. *Baxter,* 42 Neb. 793, 60 N. W. 1044;
*Indianapolis etc. Ry. Co.* v. *Wilson,* 134 Ind. 95, 33 N. E. 793;
*Durham* v. *Louisville etc. R. Co.,* 16 Ky. Law Rep. 757, 29
S. W. 737.)

The master is not under any duty to warn or instruct servants
who have already enjoyed an ample opportunity to become ac-
quainted with the danger.     Servants are expected to keep their
eyes open, and exercise such reasonable care for their own safety
as their situation permits.     (4 Thompson on Negligence, sec.
4063; *McClellan* v. *Gerrick,* 48 Wash. 524, 93 Pac. 1087; *Smith*
v. *Hecla Mining Co.,* 38 Wash. 454, 80 Pac. 779; *Bier* v. *Hos-
ford,* 35 Wash. 544, 109 Am. St. Rep. 917, 77 Pac. 867, 1 L. R.
A., n. s., 283; *Miller* v. *Moran Bros. Co.,* 39 Wash. 631, 81 Pac.
1089; *McGorty* v. *Southern N. E. Tel. Co.,* 69 Conn. 635, 61
Am. St. Rep. 62, 38 Atl. 359; *Moulton* v. *Gage,* 138 Mass. 390;
*Larsson* v. *McClure,* 95 Wis. 533, 70 N. W. 662; *Griffin* v. *Ohio &
M. Ry. Co.,* 124 Ind. 326, 24 N. E. 888; *Dixon* v. *Western Union
Tel. Co.* (C. C.), 68 Fed. 630.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

Action for damages for a personal injury.     From the
amended complaint we gather the facts, alleged as the ground
of recovery, as follows: The defendant corporation owns and
conducts a foundry and machine-shop in the city of Butte.     The
plaintiff was, at the time he was injured, in its employ as a
teamster, and in this capacity his office was to haul, from place
to place about the premises, heavy machinery and castings when-
ever in the course of defendant's operations it became necessary.
On August 1, 1904, he was directed to move from the foundry
to the machine-shop an iron casting weighing about fifteen
hundred pounds.     Having loaded it upon his wagon, and hauled
it to the place designated in the machine-shop, he was engaged
in unloading and lowering it to the floor.     To enable him to do
this he was furnished with an appliance consisting of a crane,
blocks, and a chain.     The process of unloading was intended to

be accomplished by first lifting the casting from the wagon by means of the appliance mentioned, and holding it suspended by the chain until the wagon was removed, and then lowering it to the floor. The unloading had been accomplished up to the point when it became necessary to lower the casting. It was then suspended about five feet from the floor. To effect this it was necessary that the appliance be loosened, presumably so that the chain would run through the blocks, and thus allow the casting to descend gradually, under plaintiff's control. While the plaintiff was in the act of adjusting the appliance in order to lower the casting, it being necessary for him to take hold of it for that purpose, the chain broke, and the casting fell upon his right leg, so crushing and mangling it that amputation became necessary. The negligence with which defendant is charged is alleged as follows: "That said chain so around said casting, and which was so furnished to this plaintiff for such use, was wholly insufficient and unsafe, in this, to-wit: That the same was not of sufficient size to hold or bear the weight of said casting, and by reason thereof it was not of such strength as was required for such casting, and was too weak to hold the same, all of which was well known to said defendant, and of which this plaintiff was ignorant. Plaintiff further alleges that defendant was guilty of gross negligence in not furnishing this plaintiff a sound, safe, and substantial chain with which to handle said casting, and that but for the gross carelessness and negligence of said defendant in this regard this plaintiff would not have received said injury. Plaintiff further alleges that said appliances, consisting of crane, blocks, and chain, were the property of said defendant, and were furnished for use by said defendant, and that this plaintiff used the same under the direction and orders of said defendant." It is then alleged that by reason of the injury thus suffered the plaintiff was permanently disabled, that he has suffered great mental and physical pain and anguish, and that he has been put to expense for medical treatment, etc. To this complaint the court sustained a general demurrer, and, the plaintiff refusing to plead further, rendered judgment for the defendant. Thereupon plaintiff appealed.

The contentions of counsel in this court present two questions: (1) Does it appear from the allegations of the complaint that the chain was so obviously insufficient to answer the purpose for which plaintiff attempted to use it that he knew, or ought to have known, that its use would be attended with danger, and that he therefore assumed the risk? (2) Did the plaintiff, by approaching the casting while suspended by the chain, voluntarily put himself in such a position that he was caught by its fall and injured, whereas, but for his own negligence in this regard, he would not have suffered any injury?

The rule has been repeatedly announced by this court that in an action for personal injury the plaintiff is not required to allege his freedom from contributory negligence, but that its presence is a matter of defense. (*Cummings* v. *Helena & Livingston S. & R. Co.*, 26 Mont. 434, 68 Pac. 852, and cases cited.) To this general rule is recognized the exception that when the complaint alleges facts from which, by fair interpretation, negligence on the part of the plaintiff, which was a proximate cause of the injury, must be inferred, it will be demurrable, unless the pleading alleges additional facts showing that he was nevertheless acting with due care. The same principles apply when freedom from liability is claimed by defendant on the ground that the plaintiff assumed the risk of the danger arising in the course of the employment in which he was injured. If the facts stated in his pleading fairly support the conclusion that he assumed the risk, it must be held not to state a cause of action. (*Longpre* v. *Big Blackfoot Milling Co.*, *ante,* p. 99, 99 Pac. 131.)

It is contended by counsel for respondent that the allegation that the chain was wholly insufficient and unsafe, in that it was not sufficient in size to hold or bear the weight of the casting, furnishes conclusive ground for the inference that the plaintiff knew that it would be dangerous for him to use it, and hence that any inference of liability on the part of the defendant is excluded. A servant is conclusively presumed to have assumed the ordinary risks of the employment. (Revised Codes, sec. 5243.) This is a part of his contract of service. Beyond this

he does not assume any risk, except by express agreement, or where the circumstances are such that he must be presumed to have done so from the fact that he continued in the employment, though the extraordinary danger was known to him, or was so obvious that he must be presumed to have had knowledge of it. (*Coulter* v. *Union Laundry Co.,* 34 Mont. 590, 87 Pac. 973; *Hollingsworth* v. *Davis-Daly Estates Copper Co.,* ante, p. 143, 99 Pac. 142.) In *Hardesty* v. *Largey Lumber Co.,* 34 Mont. 151, 86 Pac. 29, this court, through Mr. Justice Holloway, quotes with approval from *Carlson* v. *Northwestern Telephone Exch. Co.,* 63 Minn. 428, 65 N. W. 914, as follows: "Where a large number of men are employed upon the same work, it is essential that reasonable orders, regulating their conduct and assigning to them proper places in which to work, should be given. It is the duty and the right of the master to give orders and direct the places where his servants shall work. Their duty is instant and absolute obedience, unless it be obvious to them that such obedience will expose them to unusual dangers. Dispatch, discipline and the safety of person and property in the execution of work imperatively require that the master should order and the servant obey. It would be practically impossible to carry on a work of any magnitude on any other basis. A workman, when ordered from one part of the work to another, cannot be allowed to stop, examine, and experiment for himself, in order to ascertain if the place assigned to him is a safe one." This may with equal propriety be said of the appliances furnished by the master to his servant. It is the master's duty to use ordinary care to furnish his servant with reasonably suitable and safe appliances. The servant has a right to presume that this duty has been observed. Hence his duty is to yield instant obedience in the use of them, and he will not be held to have assumed the risk of any unusual danger incident to such use, unless he knew of it, or it is so obvious that he must be presumed to have observed it.

The allegation referred to does not import that, at the time he was directed to use the chain in question, the plaintiff had, or should have had, knowledge that its tensile strength was not

sufficient to bear the weight of the casting. Knowledge of its size would not imply such additional information; for the tensile strength of a chain does not depend upon its size alone, but upon a variety of elements, such as the kind and quality of the metal composing it, and the process and skill used in its manufacture. Nor can the presumption that the plaintiff had such knowledge be indulged against him. There is no fact stated furnishing a basis for it, as that he had experience, by previous use of the particular chain, so that he must have known its quality, or such general experience in the use of other similar appliances that he could detect their latent qualities by mere inspection. Besides, if any such presumption should otherwise have been indulged, he alleges his want of knowledge in terms sufficiently explicit to rebut it. Upon the facts stated the plaintiff did not assume the risk. Nor do his allegations justify the conclusion that he was guilty of contributory negligence in going near enough to the suspended casting to release the chain in order to complete the task assigned him; it being necessary for him to do so. If the chain had been of sufficient strength, it would not have broken. Plaintiff had the right to assume that it would not break. Therefore the presumption that the accident would not have occurred but for his own negligence does not arise from the fact that he stood so near the casting when the chain gave way that he was caught by its fall. The complaint is uncertain and indefinite in some of its allegations, but no criticism is made of it in these particulars.

The judgment is reversed, and the cause is remanded to the district court, with directions to overrule the demurrer.

*Reversed and remanded.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.