HOWARD, RESPONDENT, *v.* FLATHEAD INDEPENDENT TEL. CO. ET AL., APPELLANTS.

(No 3,379.)

(Submitted May 2, 1914.  Decided May 16, 1914.)

[141 Pac. 153.]

*Personal Injuries—Highways—Obstructions—Duty of Counties —Telephone Companies—Erection of Poles — Negligence— Proximate Cause — Evidence—Insufficiency—Instructions— Inapplicability to Facts—Proper Refusal.*

Personal Injuries—Negligence—Liability—Proximate Cause.
  1.  To establish the liability of defendant for personal injuries, it must not only appear that he was negligent, and that the plaintiff was injured, but also that his negligence was the proximate cause of the injury.

  [As to proximate and remote causes of injury from negligence, see notes in 50 Am. Rep. 569; 36 Am. St. Rep. 807. As to respective functions of court and jury with reference to questions of proximate cause, see note in Ann Cas. 1913B, 351.]

Same—Highways—Obstructions—Duty of Counties.
  2.  A county is not required to keep its highways in condition fit for travel for their entire statutory width of sixty feet, its duty being discharged if portions thereof, sufficiently wide to accommodate the travel fairly to be anticipated, are kept in proper condition; the remaining portions may properly be used for purposes inconsistent with their use as driveways, *i. e.*, for piling rocks, constructing drainage ditches, *etc.*

  [As to liability of municipality for defects in streets and ways, see notes in 24 Am. Rep. 25; 53 Am. Dec. 92; 9 Ann. Cas. 1156; 11 Ann. Cas. 943.]

Same—Highways—Width—Sufficiency—Jury Question.

3. Whether the portion of a highway graded or otherwise made suitable for travel is of sufficient width to accommodate the public is a question of fact.

Same—Highways—Duty of Traveler.

4. Where a sufficient portion of a highway is made suitable for travel, the invitation to the public to use it is confined to the prepared or used portion; and for injuries received outside thereof a traveler cannot recover unless he can excuse his presence at the place where he was injured.

Same—Telephone Poles—Construction on Highways.

5. A telephone company is not a trespasser on a highway nor negligent *per se* in maintaining a guy wire on a portion of it not intended for travel, section 4400, Revised Codes, giving to such company the right to construct its lines along the highways, provided the traveling public is not endangered or inconvenienced thereby.

Same—Insufficiency of Evidence—Nonsuit.

6. Under the rule that where the pleadings or proof show that plaintiff's own act brought about the personal injury complained of, recovery cannot be had in the absence of explanatory allegation or evidence excusing it, *held* that a nonsuit was improperly denied where plaintiff's own testimony, while showing that when driving a horse, under complete control, one wheel of her buggy struck a guy wire placed by defendant telephone company outside the traveled portion of the highway, causing a runaway, was silent as to why she was traveling outside the traveled portion of the road at the time of the accident, whether or not she knew of the location of the wire, *etc.*

Same—Instructions—Inapplicability to Facts—Proper Refusal.

7. The evidence having indisputably shown that plaintiff's horse was under perfect control, a requested instruction looking to the submission of the question whether the animal was unmanageable at the time of the accident was properly refused because inapplicable to the facts of the case.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

Action by Ruth E. Howard against the Flathead Independent Telephone Company and the Montana Independent Telephone Company. From a judgment in favor of plaintiff and an order denying the former company a new trial, it appeals. Reversed and remanded.

*Mr. Elmer E. Hershey* and *Mr. William Wayne,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. O'Hara, Edwards & Madeen,* for Respondent, submitted a brief; *Mr. Thos. J. Edwards* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint herein charges that the defendant Flathead Independent Telephone Company, during December, 1911, maintained a telephone line along the public highway two miles west of Victor, Montana, that at a point on that highway near the foot of Blackmore Hill it had attached a guy or stay wire to one of its telephone posts standing at the side of the road, which guy wire extended for several feet toward the center of the road, and to the ground where it was anchored, "obstructing said road, and making traveling thereon dangerous to the public"; that on December 9, 1911, while plaintiff was riding along the road in a buggy drawn by one horse, a wheel of her buggy ran into said guy wire, with the result that her horse became frightened, ran away, caused the buggy to be overturned, and plaintiff thrown out and injured. The answer of the Flathead Independent Telephone Company consists of a general denial of the allegations charging negligence, and an affirmative plea that the plaintiff's injuries were caused solely by her own negligence. Upon the affirmative matter, issues were made by reply. At the conclusion of plaintiff's case the action was dismissed as to the Montana Independent Telephone Company. From a judgment in favor of plaintiff, and from an order denying the Flathead Independent Telephone Company a new trial, these appeals are prosecuted.

Upon the trial evidence was offered on behalf of plaintiff, to the effect that at the place of the alleged injury a public road from the southwest known as the Blackmore Hill road unites with a road from the south known as the Davis road, and the road formed by the union of these two runs north to John Blake's residence, where it turns to the east and extends to the town of Victor; that the entire width of these roads is not graded for use, and not fit for use; that the graded portion of the Blackmore Hill road is about twelve feet wide, and at the point of union of the two roads the graded or traveled portion is from sixteen to thirty feet wide; that at the time of the acci-

dent this graded portion was in good condition for traveling; that on the south side of the graded portion was a considerable bank, and on the north side stones had been thrown; that the line of telephone poles is about one foot within the western or northern line of the extreme limits of the highway, and eight or nine feet from the nearest line of the graded or traveled portion of the road; that the guy wire in question was at about the point where the two roads unite, and was anchored to the ground at a point from one foot to three feet outside the graded or traveled portion of the road; that on the afternoon of December 9, 1911, plaintiff came down the Blackmore Hill road from the southwest, on her way to Victor; that the horse drawing her buggy was gentle; that the plaintiff had been over this road many times before and knew of the telephone line; that just at the point of juncture of the two roads—to quote her own testimony: ''My buggy came in contact with the wire, and my horse reared and jumped to one side, and something broke, I don't know what it was, and she continued to run until we came to the Blake corner, and she went around the corner very fast, and the buggy was thrown over, and I was thrown out. It was nearly 6 o'clock and dark. I didn't see the wire before I ran into it; but I had the horse under control.  *  *  *  I reached the foot of Blackmore Hill about a quarter of 6, I should think, and it was nearly dark. I could see my horse all right. I had driven down this hill before in the dusk.  *  *  *  My wheel struck the wire and run over it. My horse was on a jog trot. I should think I hit the wire about two and a half feet from the ground. The wheel of my buggy did not run under the wire; but I bumped against it. I had my horse under perfect control. It was still quiet, and I cannot give any explanation as to why I hit that wire. The horse did not shy or rear up.''

The foregoing, with evidence indicating the extent of her injuries, fairly epitomizes plaintiff's case. The defendant Flathead Independent Telephone Company interposed a motion for a nonsuit; but this was denied, and the ruling of the court thereon is made the principal ground of appellant's contention in this court.

Whether the evidence above makes out a *prima facie* case of actionable negligence depends upon a number of well-settled principles of law. Plaintiff's case was presented apparently upon the theory that proof of negligence on the part of the defendant and resulting injury to the plaintiff makes out a *prima facie* case, for her counsel in their brief say: "Did the Flathead Independent Telephone Company so construct its lines 'as not to incommode or endanger the public in the use of said roads'? If it did not, and one of the public was injured, then, in the absence of excusing circumstances, sufficient under the law, defendant is liable for such injury." That is not the law [1] in this state or elsewhere, so far as we know. It is the rule, established by repeated decisions of this court, and generally recognized by the authorities, that, in addition to proof of negligence and resulting injury, plaintiff must bear the burden of showing that the particular negligence charged was a proximate cause of the injury. (*Therriault* v. *England*, 43 Mont. 376, 116 Pac. 581; *Monson* v. *La France Copper Co.*, 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243.) While theoretically a public highway in this state is sixty feet in width (sec. 1339, Rev. Codes), it is the rule recognized generally that the [2] county is not required to grade or keep the highway for its entire width in condition for public travel; but its duty is fully discharged in this respect if the portion graded or made ready for travel is of sufficient width to accommodate the use which may fairly be anticipated to be made of it, and the authorities in control may use the remaining portions for purposes inconsistent with their use as driveways, as, for instance, for piling stones, cutting down and leaving steep embankments, or for drainage ditches. (Elliott on Roads and Streets, secs. 588, 800; *Nelson* v. *City of Spokane*, 45 Wash. 31, 122 Am. St. Rep. 881, 13 Ann. Cas. 280, 8 L. R. A. (n. s.) 636, 87 Pac 1048; *Blankenship* v. *King County*, 68 Wash. 84, 40 L. R. A. (n. s.) 182, 122 Pac. 616; *Monongahela City* v. *Fischer*, 111 Pa. 9, 56 Am. Rep. 241, 2 Atl. 87; *Hammacher* v. *New Berlin*, 124 Wis. 249, 102 N. W. 489; *Kelley* v. *Fond du Lac*, 31 Wis. 179; Thompson's Commentaries on the Law of Negligence, secs. 6008, 6009.)

[3]   Whether the portion graded or otherwise made suitable for travel is of sufficient width to accommodate the public is a ques-
[4]   tion of fact.   When a sufficient portion of the public highway is graded or otherwise prepared for travel, the invitation to the public to use the highway is confined to the prepared or used portion, and the duty then devolves upon the traveler to keep within that portion prepared for his use to which his invitation extends, and for injuries received outside of that portion he cannot recover, unless he can excuse his presence at the place where he was injured.   (2 Thompson on Negligence, p. 769; *Kelley* v. *Fond du Lac,* above; *Herndon* v. *Salt Lake City,* 34 Utah, 65, 131 Am. St. Rep. 827, 95 Pac. 646; *Davidson* v. *Utah Independent Telephone Co.,* 34 Utah, 249, 97 Pac. 125.)

This appellant was not a trespasser upon the highway nor negligent *per se* in maintaining the guy wire upon that portion
[5]   of the public highway not intended for travel.   Section 4400, Revised Codes, gives to a telephone company the right to construct its lines along the public highways of the state, and to erect on such highways, posts, piers and other necessary structures, with this restriction, that the public shall not be endangered or inconvenienced in the use of the highways thereby.   In the present instance the utmost that can be said of appellant's act in attaching its guy wire so near the traveled roadway is that it was a question for the jury whether it constituted negligence.

At the time the plaintiff came in contact with the guy wire she was driving outside the graded or traveled portion of the highway.   Her horse was under control, so that she must have
[6]   directed its course or permitted it to wander at will.   If, in her complaint, plaintiff had alleged that she directed her horse out of the roadway or permitted it to carry her without the traveled or prepared portion, and thereby brought her buggy into contact with the guy wire and caused the runaway which resulted in her injury, her complaint would fail to state a cause of action, without some explanatory allegation excusing her conduct, upon the theory that her own negligence contributed to her injury.   This was the rule announced in *Kennon* v.

*Gilmer,* 4 Mont. 435, 2 Pac. 21, and is repeated in numerous decisions since that time (*Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871; *Birsch* v. *Citizens' Electric Co.,* 36 Mont. 574, 93 Pac. 940; *Schroder* v. *Montana Iron Works,* 38 Mont. 474, 100 Pac. 619; *Badovinac* v. *Northern Pac. Ry. Co.,* 39 Mont. 454, 104 Pac. 543; *Lynes* v. *Northern Pac. Ry. Co.,* 43 Mont. 317, Ann. Cas. 1912C, 183, 117 Pac. 81; *Conway* v. *Monidah Trust,* 47 Mont. 269, 132 Pac. 26), and this rule is equally as applicable to the proof as to the pleadings; and since the facts which, if they had appeared in her complaint, would have defeated plaintiff's right to recover were made to appear from her own evidence, without any explanation, they defeated her right to recover and entitled the appellant to a nonsuit (*Ball* v. *Gussenhoven,* above; *Nelson* v. *Boston & Mont. C. C. & S. M. Co.,* 35 Mont. 223, 88 Pac. 785; *Longpre* v. *Big Blackfoot Milling Co.,* 38 Mont. 99, 99 Pac. 131). Plaintiff was not asked to explain her conduct at the time she came in contact with the guy wire. She testified that she did not see the wire until she reached it; but she did not explain whether she was looking ahead or behind at the time, whether she could have seen the wire if she had been directing her attention to driving, whether she knew of the location of the wire with reference to the traveled portion of the road, or whether she could see the road. The language employed in *Lynes* v. *Northern Pac. Ry. Co.,* above, is peculiarly pertinent here. It was simply impossible for the jury to know whether it was the defendant's negligence in placing the anchorage of the guy wire so near the traveled portion of the roadway —assuming that the defendant was guilty of negligence—or whether it was plaintiff's own act in leaving the roadway which was the proximate cause of her injury. Had she kept to the used portion, she could not have come in contact with the wire, and the fact that she was outside that portion of the highway intended for public travel—at a point where it could not be anticipated a traveler would be—called for some explanation on her part, and in her failure to give it she failed to make out a *prima facie* case of actionable negligence on the part of this appellant.

Instruction No. 9, given by the court, is not expressed in very apt terms; but it is not open to the criticism directed against it.

Instruction No. 9, requested by this appellant and refused, was not applicable to the facts of this case. It sought to submit for [7] determination the question whether plaintiff's horse was unmanageable at the time the buggy came in contact with the wire, while the undisputed evidence is that at that time the horse was under perfect control.

Our observations upon the ruling of the court denying the motion for a nonsuit dispose of the other questions raised upon these appeals.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.