[Civil No. 4302.   Filed February 3, 1941.]

[109 Pac. (2d) 841.]

HILDA F. RUSH, as Administratrix of the Estate of LLOYD RAYMOND RUSH, Deceased, Appellant, v. CITY OF GLOBE, a Municipal Corporation, Appellee.

Messrs. Townsend, Jenckes & Wildman, for Appellant.

Mr. Cullen A. Little, City Attorney, and Messrs. Rawlins & Rawlins, for Appellee.

LOCKWOOD, C. J.—Hilda F. Rush, hereinafter called plaintiff, brought suit as administratrix of the estate of Lloyd Raymond Rush, deceased, against the City of Globe, a municipal corporation, hereinafter called defendant, for damages for the death of Lloyd Raymond Rush, which she alleged was caused by the negligence of defendant. Defendant answered, denying any negligence whatever on its part, and claiming that the death was caused by the sole negligence of deceased. The case was tried to a jury, and at the end of plaintiff's case, defendant moved for an instructed verdict, which motion was granted and after judgment was rendered thereon, this appeal was taken.

The first and, indeed, the only question for us to consider is whether defendant was guilty of any negligence which was a proximate cause of the death of deceased. If it was not, of course the court properly instructed a verdict in its favor. If, on the other hand, there is evidence in the record from which a jury could reasonably have concluded that a proximate cause of his death was the negligent conduct of defendant, the case should have been submitted to the jury.

The factual situation presented by the pleadings and evidence is not in dispute, and may be stated as follows: Oak Street, in the city of Globe, at the place where the accident occurred, runs in an easterly and westerly direction. Along its south side is 'a gulch or depression, and there defendant had built a retaining wall approximately twenty feet in height. This retaining wall terminated at its top in a coping which formed the southerly boundary of Oak Street, approximately two feet in width and rising approximately seventeen to eighteen inches above the level of the roadbed of Oak Street. There were no buildings of any kind abutting on the south side of Oak Street anywhere near the place of the accident. Along the north side of Oak Street defendant maintained an adequate sidewalk running both east and west, but on the southerly side and next to the retaining wall there was no sidewalk, but merely a gutter for the disposition of surplus water running down that side of the street. High Street runs into Oak Street at right angles near the place of the accident, and on each side of High Street there was a suitable sidewalk which terminated at the sidewalk on the north side of Oak Street. At the northwest corner of the intersection of the two streets stood the residence of G. F. Watrous, one of the witnesses in the case, and on the opposite side of the intersection defendant maintained an arc light of the usual type which on the night of the accident was bright enough so that observers in the Watrous house, or even further back on High Street, could plainly see the entire intersection and the coping. About two o'clock in the morning of July 10, 1939, deceased walked down the sidewalk on the west side of High Street in a southerly direction towards Oak Street, and when he reached the end of that sidewalk, instead of turning east or west along the sidewalk

maintained by defendant on the northerly side of Oak Street, walked directly across Oak Street to the coping on the south side and fell over into the gulch. The witness who saw this immediately gave an alarm, and deceased was taken to the hospital where he died shortly thereafter. It also appeared that a short time before the accident deceased was very drunk. This was substantially all the evidence bearing upon the question of the negligence of defendant.

It is apparent from the pleadings and the evidence that the only possible claim of negligence on the part of defendant which could be made is that it was its duty to maintain a barrier along the top of the coping in question sufficient to prevent pedestrians from falling over into the gulch, for there is no contention that the retaining wall and the street were not in good condition otherwise.

The duty of a municipality in regard to the improvement and maintenance of its streets may be stated as follows: When a municipality invites the public, either directly or by implication, to use one of its streets the duty rests upon it to establish and maintain such street so that it may be traveled in reasonable safety. On the other hand, it has an option as to whether it will improve all of the street and in what manner it shall make such improvement, and if it makes an improvement only of a portion of the legal highway and the public have reasonable notice of that fact and attempt to use the unimproved portion, they do so at their peril, and the city is not liable for negligence for an accident occurring by reason of the condition of the unimproved portion of the street. *Williams* v. *San Francisco & N. W. Ry. Co.*, 6 Cal. App. 715, 93 Pac. 122; *Howard* v. *Flathead Ind. Tel. Co.*, 49 Mont. 197, 141 Pac. 153. The rule is fully discussed in the case of *Herndon* v. *Salt Lake City*, 34 Utah 65,

95 Pac. 646, 131 Am. St. Rep. 827. If reasonable men may differ about whether the city has prepared a sufficient portion of the street to respond to the needs of the traveling public, or, if there might be a reasonable difference as to whether the preparation is sufficient in both quantity and quality, it is for the jury. But if the situation is such that it must appear to any reasonable man that the city has performed its full duty, the question is one of law for the court. Each case must depend upon its own facts.

In the present case it appears clearly that defendant had prepared a suitable sidewalk for the use of pedestrians on the north side of Oak Street, and that due to the condition of the premises abutting on the south side of Oak Street no sidewalk was required thereon, and none had been built by defendant. It also appears that defendant maintained a bright light at the intersection of High and Oak Streets in such a manner that any pedestrian in the possession of his senses was able to see the coping and to know when he had reached the end of High Street. We think under the circumstances of this particular case that as a matter of law if pedestrians attempted to use the south side of Oak Street as a passageway they did so at their own risk, there being no invitation, either express or implied, on the part of defendant that it should be so used. Such being the case, it was not negligence on behalf of defendant to fail to maintain a guardrail along the coping over which the deceased fell. The evidence shows clearly that it was the sole negligence of the latter which caused his unfortunate death, and defendant was in no manner legally responsible therefor. The cases of *City of Phoenix* v. *Mayfield,* 41 Ariz. 537, 20 Pac. (2d) 296, and *Dillow* v. *City of Yuma,* 55 Ariz. 6, 97 Pac. (2d) 535, correctly state the law as it applies to the facts in each case, but we think that the factual situation here is such that

no issue for the determination of the jury was presented.

Judgment affirmed.

McALISTER and ROSS, JJ., concur.