HERBERT C. McLAUGHLIN, Plaintiff and Appellant, *v.*
MARINER BALLARD, Defendant and Respondent.

No. 11828.
Submitted Nov. 19, 1970.
Decided Dec. 16, 1970.
478 P.2d 281.

Bretz & Gabriel, E. F. Gianotti argued, Great Falls, for plaintiff and appellant.

Poore, McKenzie & Roth, Urban L. Roth argued, Butte, for defendant and respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by plaintiff from an order of the district court of Beaverhead County dismissing plaintiff's complaint in a personal injury action.

The plaintiff, Herbert C. McLaughlin, a 38-year-old farm laborer, was injured in the course of his employment on a ranch owned by Mariner Ballard, defendant named in plaintiff's complaint. The accident occurred on May 21, 1968. Plaintiff has been permanently disabled since the accident and has incurred over $5,000 for hospital and medical treatment. This is another instance where this Court is inclined to point out to the Legislature that workmen's compensation, while available, is not by law required for employees of the largest industry in our state—agriculture.

On the day plaintiff was injured he was plowing with a Case Model 1200 tractor which late in the day developed a flat on one of its rear tires. The tire weighed approximately 500 pounds making it impossible for plaintiff to remove it singlehanded, therefore he enlisted the aid of his employer and one other helper to assist him. The tire was then rolled on to the bed of a pickup truck and the employer took it to Dillon to be repaired. Subsequently he returned with the repaired tire and requested plaintiff to assist him in putting it back on the tractor. The employer used a bar to pry the tire out of the bed of the truck and in the process the tire fell flat on the ground necessitating that it be lifted. According to plaintiff's deposition he asked his employer about getting help but was informed "Don't stand there, let's get with it, let's get it on." In describing the accident which

occurred while assisting his employer to get the tire standing, plaintiff testified as follows:

"A. * * * He looked at me, and he brought out some oaths, and he said, 'Don't stand there, let's get with it, let's get it on.' So, all right, it was either that or, Jesus, I didn't want to lose my job. I had my babies there, so we raised it up, and I tell you, when I got half way up everything went blind, and after I got straightened up it got lighter. Then I just felt myself moving around just like I was hit hard.

"Q. Where were you hurting? A. Oh, right in there, (indicating) right in my back, right about my belt line."

Plaintiff had injured his back prior to his employment on the Ballard ranch. His deposition revealed that some ten years before, in 1958, he had been injured in an industrial accident in Wyoming and some discs had been removed from his back. That accident had incapacitated him for about one year but after that period of time he had done general ranch work in several of the western states. When he faced heavy tasks, such as the removal of the tire, he had made arrangements for enough help to get the job done without further injury to himself. It is of import to note here that plaintiff did 'not tell his employer he had a bad back, nor did he refuse to try to do the job without additional help. He testified he knew the tire was very heavy and thought that two men could not do the job of getting the tire back on the tractor. Nevertheless he tried and was injured in the process.

We are faced with just two issues on this appeal.

1. Was the district court correct in granting a summary judgment.

2. Is it a material question that plaintiff was following his employer's orders at the time he was injured?

█ Assumption of risk as a defense in master and servant cases has long been the law of this state. Schroder v. Montana Iron Works, 38 Mont. 474, 100 P. 619; Morelli v. Twohy Bros. Co., 54 Mont. 366, 170 P. 757; Grant v. Nihill, 64 Mont.

420, 210 P. 914. A portion of this defense established by case law has been codified into section 41-103, R.C.M.1947. Here the plaintiff, a man with an already damaged back, stated that he knew the tire was more than two men could handle and yet he tried to lift the tire and in doing so assumed the risk of the injury he suffered.

In considering the defense of assumption of risk in this type of case, this Court in Fotheringill v. Washoe Copper Co., 43 Mont. 485, 500, 117 P. 86, 89, said:

"The consent referred to is consent to the act; [in this case lifting] not to the results following from the act. Having consented to the act, the law declares that he is not wronged by it, or, in other words, that he will be deemed to have assumed whatever risk [back injury] may have been connected with a situation the dangerous character of which he understood and appreciated. The defense of assumption of risk is not founded in contract. It may be interposed against a servant, not because he agreed that it might be, but because this law says it may. Osterholm v. Boston, etc. Min. Co., [40 Mont. 508, 107 P. 499] supra. *It is not within the power of this court to abolish or amend the defense. It is a part of the law of the land and must be abrogated, if at all, by the law-making power.* In jurisdictions wherein it is held that the defense is found in contract, the situation is altogether different. In such jurisdictions it may be, and doubtless is, proper in many cases to submit to the jury the question, which party intended to assume the risk? But such a rule cannot be laid down by the courts in this jurisdiction. It is beyond their powers." (Parenthetical phrases inserted, emphasis supplied.)

██ ██ In this type of case, where the injury occurs by overtaxing one's strength, the rule is that the lifting of a heavy object involves no peril that is not obvious to any person of common understanding. The employee is the best judge of his own lifting capacity and the risk is upon him,

if he overtaxes himself. An employee who undertakes to lift, or assists in lifting, a heavy object, knowing its weight and condition (which the employee here well knew) assumes the risk of the injury. This being the law we find that the district court properly granted summary judgment.

The second issue attempts to evade the doctrine of assumption of risk by argument that the plaintiff was following his employer's orders when injured.

We find no merit in this issue. It was not established by the plaintiff's deposition that he was ordered to lift the tire over his objections, but even had he been, under the facts here set forth he could not prevail. An examination of the cases argued in support of plaintiff's position reveals factual situations different than those of this case. In some of the case authority the servant lacked independent knowledge of the danger. In others, the danger was not obvious and the servant acting under a superior's order, relied upon that man's knowledge of the facts. In such instances the servant had a right to rely upon his master's judgment and to assume that in the giving of the order it could be obeyed safely. Here, to the contrary, we have the plaintiff admitting his knowledge of the danger and proceeding to his injury.

Finding no error the ruling of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES and DALY, concur.