*E. Countryman* for appellant.

*Ralph E. Prime* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.

---

CATHARINE SHOOK, Respondent, *v.* THE CITY OF COHOES,
Appellant

(Argued February 3, 1888; decided February 10, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an
order made December 2, 1885, which affirmed a judgment in
favor of plaintiff entered upon a verdict, and affirmed an order
denying a motion for a new trial.

This action was brought to recover damages for personal
injuries caused by falling upon a sidewalk of one of defendant's
streets, upon which a quantity of earth had been deposited.
It was raining at the time and this had made the sidewalk
slippery and muddy.

The following is the opinion:

"Whether the plaintiff was guilty of negligence contributing
to the accident was a question of fact for the jury. The trial
judge could not properly rule, as matter of law, that she was
guilty of culpable imprudence in attempting to pass over the
obstructions upon the sidewalk, although they were known to
her. (*Pompfrey* v. *Village of Saratoga Springs*, 104 N. Y.
459.) Whether she could pass over them in the exercise of
proper care, or whether she was bound to go around them
into the muddy street, were questions of fact for the jury.

"The earth was thrown upon the sidewalk by an adjoining
owner who was engaged in building a trench and post holes
for a fence upon the line of his lot. The evidence on the part
of the plaintiff tended to show that this obstruction upon the
sidewalk had existed for about ten days, but on the part of

the defendant there was evidence tending to show that the trench and post holes were dug and the earth thrown out upon the sidewalk on Friday and Saturday prior to the Sunday morning upon which the accident happened, and that the work was finished on Saturday afternoon. Whether upon the whole evidence the obstruction had existed for such a length of time that the defendant was guilty of negligence and in fault for not taking notice of it and removing it, was also a question of fact for the jury.

" Counsel for the defendant requested the court to charge as follows: 'If the jury believe that the dirt was all thrown upon the sidewalk upon the Friday and Saturday before the accident which occurred on Sunday, then the city is not guilty of negligence.' The court refused to charge this request, but did charge that it was for the jury to determine whether reasonable time had elapsed in which notice should be taken. To this refusal defendant's counsel excepted. This exception presents no error. It must be assumed that this earth was wrongfully placed upon the sidewalk. It is true that if there was any necessity for placing it there temporarily, in order to enable the adjoining owner in a reasonable manner to construct his fence, then it was justifiable. (*Callanan* v. *Gilman*, 107 N. Y. 360.) But in order to justify this obstruction, if the adjoining owner had been sued, it would have been incumbent upon him to show that it was necessary and reasonable under the circumstances. Here there was no proof of any necessity whatever for the deposit of this earth upon the sidewalk. For ought that appears there was abundant room upon the land of the owner for the deposit of this earth, and it is reasonable to suppose that there was. *Prima facie* its deposit upon the sidewalk was unauthorized, and hence it must be assumed for the purposes of this case that it was wrongfully deposited there. There is uncontradicted evidence on the part of the plaintiff that during the time of the excavation of this earth and at the time of its deposit upon the sidewalk the defendant's superintendent of streets was present and saw what was being done. If that evidence was believed it showed actual notice

of this wrongful deposit of the earth upon the sidewalk to the defendant, and it at once became its duty to arrest further deposit and remove what had been placed there. Hence there was a fair question for the jury to determine whether there was any negligence chargeable to the defendant in permitting this earth thus wrongfully deposited upon the sidewalk to remain there, and the trial judge could not properly have charged as requested.

" The judgment should be affirmed, with costs."

*P. D. Niver* for appellant.

*J. H. Clute* for respondent.

Earl, J., reads for affirmance.
All concur.
Judgment affirmed.

---

Mary Costello et al., Appellants, *v.* The State of New York, Respondent.

Mary A. Poland, Appellant, *v.* Same, Respondent.

These cases presented the same questions and were argued and decided with *Reed* v. *State* (*ante*, p. 407).

---

Charles W. Romeyn, Respondent, *v.* Daniel E. Sickles, Appellant.

A pleading cannot, lawfully, be amended in a material respect, except at a time which will give the party against whom the amendment is allowed a right and opportunity to meet by proof the new allegations made against it.

Where an objection has been properly taken, or an exception presents the question, it is fatal to a recovery that it does not conform in all material respects to the allegations in the pleadings.

(Argued January 26, 1888; decided February 28, 1888)