(54 App. Div. 80.)

### BIRNGRUBER v. TOWN OF EASTCHESTER.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—NEGLIGENCE—QUESTIONS FOR JURY.

In an action against a town for damages for injuries received on a defective sidewalk, whether plaintiff, who was walking slowly, on a dark night, along such walk, which was slippery from snow, and who, though familiar with the neighborhood, had never paid especial attention to the place, was negligent, is for the jury.

2. SAME—LIABILITY FOR INJURIES.

A town which constructs a sidewalk for the inhabitants of a village is liable for injuries resulting from its failure to keep such walk in repair, though no town law required it to construct such walk.

Appeal from trial term, Westchester county.

Action by Charles Birngruber against the town of Eastchester. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

David Swits, for appellant.

Frederick W. Sherman, for respondent.

HIRSCHBERG, J. The plaintiff has recovered damages from the town of Eastchester for injuries received while passing over a sidewalk on a public and much-traveled street in the unincorporated village of Tuckahoe, in said town, on a dark and stormy night, December 31, 1898. The town authorities had macadamized the highway the year before, and in so doing had lowered the grade at the point in question so that the roadbed was considerably below the level of the sidewalk. The owner of the abutting premises, in order to secure easy access to his property with vehicles from the street, had cut down the sidewalk, so that there was a fall at the place of the accident from a foot to eighteen inches in depth. The precise time when this cut was made does not appear, but the property owner admitted that it was a long time before the accident, and the jury was justified in believing that the commissioner of highways had ample knowledge of its existence. No question was raised as to a sufficiency of funds with which to have made the highway reasonably safe for travel, and the general questions of the defendant's negligence and the plaintiff's freedom from blame, involved in the verdict, are sufficiently supported by the proof.

As to the plaintiff's contributory negligence, it is to be noted that it was snowing, and the walk was slippery. He was walking slowly, and, although familiar with the neighborhood, had never paid especial attention to the place, or had any reason to believe that there was danger in attempting to pass it. As was said in Shook v. City of Cohoes, 108 N. Y. 648, 15 N. E. 531:

"Whether the plaintiff was guilty of negligence contributing to the accident was a question of fact for the jury. The trial judge could not properly rule, as matter of law, that she was guilty of culpable imprudence in attempting to pass over the obstructions upon the sidewalk, although they were known to her. Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43. Whether she could pass over them in the exercise of proper care, or whether she was bound to go around them into the muddy street, were questions of fact for the jury."

The case is distinguishable from those cited by the defendant. In Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780, the accident occurred in daylight, when the ridge of ice was plainly visible, and it did not appear whether the plaintiff was walking fast or slow, or, indeed, paying any heed whatever to the obvious danger. In Caven v. City of Troy, 32 App. Div. 154, 52 N. Y. Supp. 804, the deceased knew that she was approaching, to use her own language, "a terrible dangerous place," and nothing appeared to indicate that she exercised any care to avoid the danger, of which she had knowledge. On the question of defendant's negligence, it is claimed that, as there is no provision in the town law requiring the maintenance of sidewalks, there can be no liability based on the defective condition of such a walk. The controlling principle is stated in Saulsbury v. Village of Ithaca, 94 N. Y. 27, at page 30:

"It is true that whether a municipal corporation· shall build, or permit to be built, a sidewalk on any of its streets, is matter of discretion, not to be regulated by the courts; yet, when a sidewalk is built with or without its permission, it becomes responsible for its condition, and bound, so long as it exists, to keep it in order. This duty is ministerial, and not judicial. Hines v. City of Lockport, 50 N. Y. 239; Hyatt v. Village of Rondout, 44 Barb. 395, 41 N. Y. 619; Vogel v. Mayor, etc., 92 N. Y. 10, 44 Am. Rep. 349. In this case, therefore, it can make no difference how the walk came into existence, if the corporation, with notice, permitted it to be used for public travel."

But the sidewalk in this case was actually constructed by the defendant. Provision for such sidewalks has long existed in the statutes, and may be found in the highway law (chapter 568, Laws 1890, §§ 43, 45); and it was held in Anderson v. Van Tassel, 53 N. Y. 631, 632, that "overseers of highways, in the performance of their duty to keep in repair the highways in their respective districts, have jurisdiction over every part of the highway to its entire width." In the absence of authority, we should not hesitate to hold that, where a town constructs a highway with a sidewalk for the use of the inhabitants of a village, the duty to keep the sidewalk in proper order for travel applies equally as to the center of the street. The character of the traveled walk enjoins that duty in the same sense and degree. As was said in Ivory v. Town of Deerpark, 116 N. Y. 476, 482, 22 N. E. 1080:

"The fact that this road had been used for the public travel many years, and had been recognized and treated by the constituted authorities of the town as a highway, gives that character to it, for the purposes of making the defendant responsible to a traveler upon it for injuries sustained by him in consequence of the negligence of the commissioners in failing to keep it in suitable condition and repair."

·No other questions are presented which require special discussion. The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs.