HELEN M. FERGUSON, an Infant, by WILLIAM FERGUSON, Her Guardian ad Litem, Respondent, v. THE TOWN OF LEWISBORO, Appellant.

Highways — duty of abutting owners to construct and keep in repair approaches or driveways from highways — when duty of inspection imposed upon town officials.

On examination of the provisions of articles 4, 6 and 7 of the Highway Law (L. 1909, ch. 30; Cons. Laws, ch. 25) as they stood on July 21, 1909, *held*, that the statute required abutting owners under the direction of the district or county superintendent, to construct and keep in repair approaches or driveways from the highway, but that the duty of maintenance did not rest on the town unless the town board decided to assume it, and only in that event was the town superintendent under any duty of inspection, which is but an incident to the duty of maintenance and repair. (§§ 47, 71.)

*Ferguson* v. *Town of Lewisboro*, 155 App. Div. 917, reversed.

(Submitted October 22, 1914; decided November 24, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 28, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Floyd M. Grant* for appellant. The liability of the town for damages due to injuries received upon its highways is entirely statutory and it is only responsible for such damages in those cases where some duty is imposed upon the superintendent of highways in relation thereto which he has neglected to perform. (*Lane* v. *Town of Hancock*, 142 N. Y. 510; *Scott* v. *Town of North Salem*, 138 App. Div. 25; *Farrell* v. *Town of North Salem*, 205 N. Y. 453.) The duties of the town superintendent of highways are fixed by statute, and no provision of the Highway Law imposes upon him the duty of maintaining

or in any way caring for approaches such as the one upon which the accident in suit occurred. (L. 1909, ch. 30.) The duty to keep in repair the approach upon which the accident in suit happened is placed by statute upon the adjoining owner. (L. 1890, ch. 568, § 71.)

*Raphael Link* for respondent. The town superintendent is charged by law with the general duty of care and superintendence of the highways and bridges in his town, and this general duty requires a reasonable inspection of the highways. (*Ferguson* v. *Town of Lewisboro,* 149 App. Div. 232; *Matter of R. E. R. Co.,* 123 N. Y. 35; *Farman* v. *Town of Ellington,* 46 Hun, 41; 124 N. Y. 662; *Gould* v. *Glass,* 19 Barb. 179; *Farrell* v. *Town of North Salem,* 205 N. Y. 453; *Scott* v. *Town of North Salem,* 138 App. Div. 27.) It is well settled that an abutting property owner is under no duty to keep the highway in front of his property in repair or to do any repairs on the highway unless he is expressly required to do so by a statute or ordinance, and even then he is not responsible to travelers or persons upon the highway for defects therein not created by himself. (Dillon on Mun. Corp. [5th ed.] § 1704; *City of Rochester* v. *Campbell,* 123 N. Y. 405, 415; *Law* v. *Kingsley,* 82 Hun, 76; *Moore* v. *Gadsden,* 93 N. Y. 12; *Mullen* v. *Siegel Cooper Co.,* 183 N. Y. 129-136; *Russell* v. *Village of Canastota,* 98 N. Y. 496; *Pettingill* v. *City of Yonkers,* 116 N. Y. 558; *Rupp* v. *Burgess,* 70 N. J. Law, 7.) The town, by statute (§ 74), is made primarily responsible for the highways within its limits, and is not relieved from that responsibility by a statute such as section 71 imposing a duty also upon an individual. (*Bryant* v. *Town of Randolph,* 133 N. Y. 70; *Bidelman* v. *State of New York,* 110 N. Y. 232; *Tierney* v. *City of Troy,* 41 Hun, 120.) The town superintendent has jurisdiction over the entire highway in his town, and where, as here, the bridge approach was a necessary part of the highway, constructed and main-

tained as such, and wholly within the limits of such highway, it constituted a part and parcel thereof, and was within the general care and superintendence of such superintendent. (*Ferguson* v. *Town of Lewisboro*, 149 App. Div. 232; *Birngruber* v. *Town of Eastchester*, 54 App. Div. 80.)

MILLER, J.  The plaintiff has recovered a judgment for personal injuries caused on July 21st, 1909, by a defect in a wooden driveway or approach across a ditch bordering an improved county highway.  The town superintendent had received no directions from the town board with respect to the inspection, maintenance or repair of private approaches, but, as the court charged the jury, had been instructed by the county superintendent that the abutting owners would care for them.  On the first trial of the action the complaint was dismissed and the Appellate Division reversed the judgment dismissing the complaint on the ground that although no duty had been imposed on the town superintendent to maintain or repair private approaches on county and state highways, he owed a general duty of care and superintendence under section 47 of the Highway Law, and might be held guilty of negligence for not discovering the defective condition of the approach and reporting it to the town board to the end that it might under section 71 direct its repair.  On that narrow ground the case was submitted to the jury on the last trial.  The unanimous affirmance by the Appellate Division establishes the negligence of the town superintendent provided he was under any duty of inspection.  The sole question which survives on this appeal, raised by an exception to the charge and a refusal to charge, is whether under the Highway Law as it existed at the time of the accident (Laws of 1909, chapter 30; Cons. Laws, ch. 25) town superintendents were under the duty of inspecting improved state and county highways, and more specifically private approaches thereon.

It is, of course, conceded that the liability of the town depends on the negligence of the town superintendent who is liable over to the town. (Sections 74 and 75.) To determine the duty imposed on town superintendents it is necessary to take a comprehensive view of the statute. The private approach in this case had a span of less than five feet and so is to be deemed a part of the highway. (Section 2, subd. 5.) By section 3 highways are classified as state, county and town according to the method of construction, improvement and maintenance. Articles 6 and 7 regulate the construction, improvement and maintenance of state and county highways. By section 170 the supervision and control of the maintenance and repair of state and county highways is lodged in the state commission, who are given power: 1, To adopt proper rules and regulations; 2, to purchase materials; and, 3, "To provide for a system of patrol of such highways, or adopt such other system as may seem expedient so that each section of such highways shall be under constant observation, and be effectively and economically preserved, maintained and repaired." Under subdivision 1 the work of repair may be performed by the town or the district or county superintendents as provided by the rules and regulations of the commission. Sections 172 and 173 provide for the raising of the town's share of the cost of maintenance which is to be paid into the county treasury and disbursed upon the written order of the commission. Section 175 provides for the compensation of town superintendents, to be paid out of the said maintenance fund, for services which they may be directed by the commission to perform in respect to the maintenance and repair of state and county highways within the towns. From the foregoing it appears that the town superintendents have no duty to perform with respect to the maintenance and repair of county and state highways except as directed by the state commission.

We now turn to article 4, section 47, which specifically defines the powers and duties of town superintendents. By subdivision 1 a town superintendent is to " have the care and superintendence of the highways and bridges in the town except as otherwise specially provided in relation to incorporated villages, cities and other localities," and under subdivision 14 he is to " Perform such other duties and have such other powers as may be imposed or conferred by law, or the rules and regulations of the commission, including the powers and duties heretofore exercised or performed by highway commissioners." That section must be read in connection with the article specifically relating to the maintenance of state and county highways. Thus read it will appear that the highways and bridges in the town referred to in section 47 are the highways and bridges which the town is required to maintain and not the highways which are under the exclusive supervision and control of the state commission. This is made plain by another provision. By subdivision 5 of section 47 the town superintendent is required to " Construct and keep in repair sluices and culverts and cause the waterways, bridges and culverts to be kept open." That subdivision refers, of course, to the same highways as does subdivision 1. Section 53 is the only section of article 4 which imposes a specific duty on town boards in relation to state and county highways. It reads: " The town superintendent shall cause all ditches, culverts and waterways on state and county highways to be kept free from obstructions at all times. He shall also cause snow and ice to be removed from the culverts and waterways of such highways and the expense thereof shall be paid from the moneys levied and collected for the repair and improvement of highways, as provided by this chapter." If section 47 applied to all highways in the town there was no need of section 53, and, under the general rule of construction, the express enumeration of a single duty excludes others, especially in view of the fact that the

10

general subject of the care and maintenance of such highways is regulated by another article and is placed under the control and supervision of other officers.

Section 71 provides: "The owners or occupants of lands shall construct and keep in repair all approaches or driveways from the highway, under the direction of the district or county superintendent, and it shall be unlawful for such owner or occupant of lands to fill up any ditch or place any material of any kind or character in any ditch so as to in any manner obstruct or interfere with the purposes for which it was made. The town superintendent may, when directed by the town board, construct and keep in repair such approaches and the expense thereof shall be a town charge." If the duty to construct and keep in repair private approaches rested primarily on the town it, or its town superintendent, would not be relieved from liability for negligence in the discharge of the duty merely because it was also imposed on abutting owners, but, as we have seen, the duty of maintenance of state and county highways is imposed on the state commission, the expense of which is to be paid from a maintenance fund exclusively under its control. The statute requires abutting owners under the direction of the district or county superintendent, who in turn is subject to the rules and regulations of the state commission, to construct and keep in repair approaches or driveways from the highway, and as we read the statute the town board, if it sees fit to do so, may relieve abutting owners of that burden and adopt the policy of itself constructing and keeping in repair such approaches. But the duty of maintenance does not rest on the town unless the town board decides to assume it, and only in that event is the town superintendent under any duty of inspection, which is but incident to the duty of maintenance and repair.

We have not overlooked section 176, which provided: "The state shall not be liable for damages suffered by

any person from defects in state and county highways, but the liability for such damages shall remain as now provided by law, notwithstanding the construction or improvement and maintenance of such highways by the state under this chapter." The framers of that section evidently overlooked the fact that the duty of maintenance of state and county highways had been taken from the town superintendent and devolved on the state commission. That oversight was repaired in 1910, when, by chapter 570 of the Laws of that year, said section was amended so as to except "such highways as are maintained by the state by the patrol system." Unless the town superintendent would be liable over to the town for the judgment recovered in this action it cannot be sustained. In the view we take of the statute no duty whatever was imposed on the town superintendent to inspect, maintain or repair the approach in question.

The judgment must, therefore, be reversed and a new trial granted, costs to abide event.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Judgment reversed, etc.