MARCUS, Appellant, vs. TOWN OF MEDFORD, Respondent.

*May 5—June 1, 1915.*

*Highways: Duty of town: Injury to pedestrian on side path: Absence of railing at embankment: Sidewalks: Evidence: Harmless error.*

1. Towns are not required to keep country roads in suitable condition for travel for their whole width, nor are they required to build sidewalks thereon.

2. A cut having been made through a hill and the traveled track of the highway being through such cut, one who, while walking at night on a footpath which went over the hill within the limits of the highway, was injured by falling down the embankment to the road below, cannot recover from the town for such injury.

3. The traveled track through the cut being reasonably safe, sufficient, and suitable for travelers on foot or by vehicle, and the footpath being obviously outside of the traveled track, the town was not bound to maintain a guard or railing along the top of the embankment to protect persons using such path.

4. The exclusion of evidence as to the action of the town board upon a petition for the laying of a sidewalk along said highway was not prejudicial error, it appearing that the town did not lay the sidewalk and that it did not extend to the place in question.

APPEAL from a judgment of the circuit court for Taylor county: G. N. RISJORD, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries sustained by the plaintiff while traveling on a public highway in the town of *Medford.*

On the evening of August 15, 1911, the plaintiff stepped or fell off from an embankment made by a cut through a hill on one of defendant's highways. The highway runs east and west. On the southerly side of the highway and near the place where plaintiff was injured is a dwelling house occupied by a Mrs. Glassow. This house is situated on the elevation through which the cut has been made. A road fence extends along the northerly line of the Glassow place and the southerly boundary of the highway. The distance from this fence to the edge of the cut varies from ten feet six inches to eleven feet six inches. There was a path in the center of this

space between the road fence and the edge of the cut which
was somewhat used by pedestrians.    There was on this road
a sidewalk extending from the eastern limits of the city of
Medford to a point a short distance from the Glassow prop-
erty.    Another sidewalk, beginning at a point some distance
east of the Glassow property, extended out to the cemetery.
The evidence tends to show that younger people in traveling
this highway used the path outside of the traveled track of
the road in front of the Glassow residence instead of the road
through the cut, but that pedestrians generally used the trav-
eled track until they reached the sidewalk on the east of the
Glassow premises.    In wet weather travelers at times used
this side path in front of the Glassow dwelling because of the
muddy condition of the traveled track.    It appears that there
were no barriers or guards along the bank of the excavation
to warn and to prevent persons from falling into the cut.

On the night in question the plaintiff had been at the Glas-
sow home and, hurriedly returning therefrom after dark,
she miscalculated the distance from the Glassow road fence to
the path and fell over the embankment onto the road below.
The plaintiff sustained injuries and was confined to the house
for a time.

She alleges in her complaint that the town was negligent in
failing to maintain a guard or barrier along this embankment
at the cut to make the highway reasonably safe for travel and
that it had negligently permitted the traveled portions thereof
to be in an insufficient and defective condition and out of re-
pair.    It appears that the plaintiff was familiar with the
conditions of this path.    The traveled track of the highway
was in good condition for public travel.

A petition to the town board for a sidewalk was offered in
evidence, but the town records disclosed nothing further re-
garding the action of the board in respect thereto.    Plaintiff
offered to prove that the petition had been acted upon by the
town board and that the sidewalk had been built.    There was

no evidence to show that the town undertook to maintain and keep the same in repair. The court did not receive the offered evidence.

Defendant moved for a direction of a verdict on the grounds that the place where the plaintiff sustained her injuries was outside of the traveled portion of the highway, which it is alleged was in a reasonably safe condition for public travel, and that the plaintiff's want of ordinary care proximately caused her injuries. The court granted this motion and directed the jury to return a verdict in favor of the defendant town. Judgment was entered dismissing the action and allowing the defendant its costs and disbursements. From such judgment this appeal is taken.

For the appellant there was a brief by *John B. Hagarty,* attorney, and *John K. Parish,* of counsel, and oral argument by *Mr. Parish.*

For the respondent there was a brief by *W. H. Stafford* and *T. J. Connor,* attorneys, and *Herman Leicht,* of counsel, and oral argument by *Mr. Connor.*

SIEBECKER, J. It is contended that the court erred in rejecting the evidence offered by the plaintiff respecting the action of the town board on the petition for laying a sidewalk on this highway from the limits of the city of Medford to a point near the westerly end of the cut in the road as heretofore described. This ruling was not prejudicial to the plaintiff. It appears that the town did not lay this sidewalk. It also appears that the sidewalk did not extend to the Glassow land, but terminated to the west of the cut and the Glassow place. This renders the evidence as to the action of the board concerning this petition of slight materiality, if any, on the issues raised in the case.

"Towns are not required to keep such roads in suitable condition for travel for their whole width, nor are they required to build sidewalks thereon. . . . The town has performed its

duty if it properly grades and prepares a part of the highway of reasonable width, and keeps the same in a suitable condition for the use of passengers either on foot or in a conveyance." *Hammacher v. New Berlin,* 124 Wis. 249, 102 N. W. 489.

The plaintiff's contention that the part of this road between the Glassow road fence on the southerly margin thereof and the edge of the embankment of the cut, which was used by some pedestrians in traveling this road, constituted a part of the traveled track of this road, is not sustained in the light of the facts of the case. It is shown that the town provided a reasonably safe and properly graded traveled track through the cut and that it was reasonably sufficient and suitable for travelers on foot or by vehicle. It also appears that the actual travel on the road along the path over the embankment, before the Glassow premises, by foot pedestrians was obviously outside of the traveled track and that this was manifest to travelers using this road. Under such conditions and circumstances the town was not required to place a guard or railing on the embankment along the cut in the road to protect persons using the side path. It is clear that plaintiff has no cause of action against the town. The photographs were properly admitted in evidence. The court committed no error in awarding the judgment appealed from.

*By the Court.*—The judgment appealed from is affirmed.