[No. 14481.  Department One.  April 4, 1918.]

ROSELLA CULLEY et al., Respondents, v. KING COUNTY, Appellant.[1]

HIGHWAYS—INJURIES FROM DEFECTS—DUTY TO MAINTAIN BARRIER —EVIDENCE—SUFFICIENCY. It is not negligence to fail to maintain a barrier at the side of a county road, where, having regard to the character and amount of travel, the width of the road, the extent of the slope and the length of the portion claimed to require a railing, and whether the danger was obvious, it cannot be said that the danger was unusual or that the highway was unsafe for public travel in the ordinary way.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered June 23, 1917, upon findings in favor of the plaintiffs, in an action in tort, tried to the court. Reversed.

*Alfred H. Lundin* and *Edwin C. Ewing,* for appellant.

*Charles A. Spirk,* for respondents.

WEBSTER, J.—Respondents brought this action to recover damages for personal injuries sustained by Rosella Culley while traveling upon one of the established highways of King county. The cause was tried to the court without a jury, and from a judgment

[1]Reported in 171 Pac. 1034.

rendered in plaintiffs' favor the defendant has appealed. The sole question presented is the sufficiency of the evidence to sustain the recovery.

The complaint alleges that, at the point where the accident occurred, the highway in question was very narrow; that, on the north side thereof, there was a steep bank and on the south side a precipitous decline to the bed of a creek about fifteen feet below; that the south track of the highway was in dangerous proximity to the edge of the decline; that, on the afternoon of April 16, 1916, while respondents were driving along the highway, the rear wheels of the buggy in which they were riding struck a gully which had been worn in the highway at that point, and by reason thereof the respondent Rosella Culley and the horse and buggy were precipitated over the decline; that the injuries complained of resulted from the negligence of the county in maintaining the highway dangerously close to the edge of the decline without providing any barrier or protection, and in failing to keep the highway in a reasonable state of repair.

The case being before us for trial *de novo*, we have carefully examined the entire record and find these facts sustained by a preponderance of the evidence. The highway, though established for many years, was not extensively traveled. The grade of the incline up which respondents were driving was 17.8 per cent. The entire width of the roadway was nine feet, two inches, the traveled portion thereof being marked by parallel ruts varying from ten inches to two feet in depth. There was a space three feet wide between the center of the south rut and the crest of the decline toward the creek, the top of which space, at the point where the buggy went over, was approximately one foot above the bottom of the south rut of the roadway. The decline along the south slope of the embankment from its

crest to the creek varied in the degree of pitch from 2 to 1, to 1 1-3 to 1.

The theory of plaintiffs' case is that, when the rear wheels of the buggy struck the gully extending across the road, the earth to the south side gave way, causing the buggy and its occupants to be thrown over the bank. It is not contended that the road was not sufficiently wide at the point where the accident occurred to enable them to pass in safety if no gully had been there. When reduced to its final analysis, their position is that the giving way of the earth caused by the existence of the gully extending across the south edge of the road precipitated the buggy over the decline, which would not have occurred had there been a guard rail or barrier at that point. The overwhelming weight of the evidence is to the effect that there was no such gully, and no giving way of the earth; hence the absence of a barrier would seem to be wholly immaterial.

Nor can the recovery be sustained upon the theory that the county was negligent in failing to place a railing or barrier along the south side of the roadway. In *Leber v. King County*, 69 Wash. 134, 124 Pac. 397, 42 L. R. A. (N. S.) 267, we held that the duty to place barriers upon a highway, although travel thereon be in a degree dangerous, is not absolute, and that the law does not require such precaution unless the danger to be guarded against is unusual. The duty in this respect must necessarily depend upon the circumstances of the particular case, having regard to the character and amount of travel; the nature of the road itself, its width and general construction, the extent of the slope or descent of the bank, the length of the portion claimed to require a railing, whether the danger is concealed or obvious, the character of the place between which and the traveled road it is claimed the

barrier should be erected, and the extent of the injury likely to occur if a railing is not maintained. That is to say, the question in each case is whether, under the facts disclosed by the evidence, the county, by not erecting the barrier, failed in its duty to maintain the highway in a reasonably safe condition for ordinary travel. Measured by this standard, it cannot be said that the danger, if any, to be guarded against, was unusual, or that the highway was unsafe for public travel in the ordinary way. In fact, the elevated portion of the roadway between the south wagon rut and the crest of the slope was in itself a sufficient barrier to insure the safety of vehicles traveling along the highway in the customary and proper manner. In determining the necessity of a barrier, the essential question is whether the highway is safe without one. Pertinent to the situation presented in this case, is the observation of the court in *Leber v. King County, supra:*

"We think it will require no argument to make plain the fact that here there was no extraordinary condition or unusual hazard of the road. A similar condition is to be found upon practically every mile of hill road in the state. The same hazard may be encountered a thousand times in every county of the state. Roads must be built and traveled, and to hold that the public cannot open their highways until they are prepared to fence their roads with barriers strong enough to hold a team and wagon when coming in violent contact with them, the condition being the ordinary condition of the country, would be to put a burden upon the public that it could not bear. It would prohibit the building of new roads and tend to the financial ruin of the counties undertaking to maintain the old ones."

See, also, *Swain v. Spokane,* 94 Wash. 616, 162 Pac. 991, L. R. A. 1917D 754.

Furthermore, we are strongly inclined to the conclusion that the accident was due to the fact that the horse driven by the plaintiffs balked and backed the

vehicle out of the roadway and over the embankment. The evidence clearly gives rise to such inference as the only logical cause of the accident.

The judgment appealed from is reversed, and the cause remanded with instructions to enter judgment for the defendant.

Ellis, C. J., Fullerton, Main, and Parker, JJ., concur.