Court of Claims, February, 1921. ·        [Vol. 114.

MATILDA KIBNER, Claimant, v. STATE OF NEW YORK.

·Claim No. 16513.

(State of New York, Court of Claims, February, 1921.)

**Highways — injury sustained by fall on privately constructed side-path — state not liable.**

> Claimant, while walking on a sidepath along a public high-way constructed by the state and maintained under the patrol system, caught her foot on a flagstone covering a sluiceway under the sidepath which had been constructed many years ago by residents in the vicinity for their own convenience and used quite extensively by pedestrians, and as a result she fell and broke her arm. *Held,* that the state was not liable and a claim for damages will be dismissed.

CLAIM for personal injuries.

Michael D. Nolan, for claimant.

Charles D. Newton, Attorney-General (Glenn A. Frank, Deputy Attorney-General, of counsel), for state.

SMITH, J.   On September 28, 1919, the claimant, who was walking on a sidepath along a public high-way, in the town of North Greenbush, in the county of Rensselaer, caught her foot on a flagstone covering over a sluiceway under the sidepath, fell and broke her arm. She has filed this claim against the state for damages, claiming that the sidepath was in an unsafe condition, due to the negligence of the state.

For many years there has been a public highway at this location, leading from Pawling avenue in the city of Troy, to Wynantskill. In the year 1902 the state of New York, pursuant to the provisions of the Highway

Law, constructed an improved highway with macadam pavement, the center line of which was the center line of the old highway.

Later, and in the year 1914, this county highway was reconstructed by the state with a brick pavement. The width of the improved road constructed by the state including shoulders was about twenty-four feet.

Adjoining this improved roadway and to the south thereof and running parallel therewith was a ditch of a width at the top of about seven feet and southerly of the ditch was the sidepath, about five feet in width, where claimant was walking at the time of the accident.

At the time of the accident the county highway constructed by the state was being maintained under the patrol system. Neither the sidepath nor the sluiceway under it was built or maintained by the state, having been constructed many years ago by residents of the town of North Greenbush living in the vicinity, for their own convenience, and it was used quite extensively by pedestrians travelling along the highway.

In this situation the state is not liable for the consequences of claimant's accident. Neither the sidepath nor the sluiceway under it was a part of the county highway which the state had constructed and the maintenance of which it had undertaken. The state is not liable in tort except where liability has been assumed by statute. *Smith* v. *State of New York,* 227 N. Y. 405.

By section 176 of the Highway Law the state has assumed liability for damages caused by defects in state and county highways maintained by the state by the patrol system.

County highways are defined by subdivision 2 of section 3 of the Highway Law as "those * * * constructed or improved at the joint expense of state,

county and town, or state and county, as provided by law.''

The effect of these provisions of the Highway Law is to limit the liability which the state has assumed to the consequences resulting from defects in the highway which it has constructed and the maintenance of which it has undertaken, and also from conditions affecting public travel thereon. Thus, it has been intimated that the state would be liable for the consequences of a defect in a wooden driveway or approach across a ditch bordering an improved county highway, resulting in damage to one using the improved highway. *Ferguson* v. *Town of Lewisboro,* 213 N. Y. 141.

Were it otherwise, and were the state to be held to have succeeded to all the liability with respect to this highway of the town of North Greenbush, still it would not be liable. The Town Law has imposed upon town superintendents of highways no duty to construct and maintain sidewalks nor charged them with any duty with respect thereto. It may be, that if a town does actually construct a sidewalk along a public highway, it will be charged with the duty of maintaining it in safe condition for public use so long as it is permitted to exist (*Birngruber* v. *Town of Eastchester,* 54 App. Div. 80); but in this case, as we have seen, the construction and maintenance of this sidepath had been a purely private enterprise.

The motion made by the counsel for the state at the close of the case, to dismiss the claim, upon the ground that the facts as shown give rise to no valid claim against the state of New York, should be granted and the claim dismissed.

WEBB, J., concurs.

Claim dismissed.