[No. 24042. Department Two. January 5, 1933.]

NELLIE HUNT, *Respondent, v.* THE CITY OF BELLINGHAM, *Appellant.*[1]

[1]Reported in 17 P. (2d) 870.

*Glenn R. Madison,* for appellant.
*Harrison McAdams,* for respondent.

STEINERT, J.—This action was instituted by plaintiff to recover damages sustained by her as the result of falling into a water-meter box maintained by the defendant. The case was tried before the court, sitting with a jury, resulting in a verdict and judgment for the plaintiff. The defendant has appealed.

Respondent, a widow, conducts a small grocery business and operates a gas station and six tourist cabins upon premises owned by her in the city of Bellingham. She also has for rent two rooms in her residence situated upon the same premises. Her property is located near the entrance to Cornwall park in that city, and extends through the block from Meridian street to Peabody street, the front of her property facing on Meridian street and the rear, upon which the cabins are built, facing on Peabody street. To the north of her property is east Victor street. Peabody street is sixty feet in width, having a narrow strip of gravel along the center for vehicular traffic, but is otherwise unimproved.

Near the north end of respondent's cabins, and in what would be the parking strip of Peabody street, were it so improved, the appellant maintains, as a part of its municipal water system, a water meter enclosed in a wooden box. This box is approximately eighteen inches long, twelve inches wide and twenty-four inches deep, and has a wooden lid of two-inch material and weighing between ten and twelve pounds. Enclosed within the box is a meter with a clock-like dial.

On July 4, 1931, at about eleven o'clock p. m., it being then quite dark, respondent went from her store to one of the cabins in the rear for the purpose of

showing it to a prospective tenant, and, while return-
ing, stumbled and fell into the meter box, its cover
having been, in some unknown way, removed. As
a result of her fall, respondent sustained the injuries
complained of.

Appellant assigns various errors, of which it is nec-
essary to consider only two, since they are determina-
tive of the case. They are: (1) the court's refusal to
grant appellant's motion for a nonsuit, and (2) the
court's refusal to grant appellant's motion for judg-
ment notwithstanding the verdict. The two assign-
ments will be considered together.

The basis of this action is alleged negligence on
the part of the city. The evidence upon this phase of
the case is very meagre. Respondent testified, upon
direct examination, that, about a year before the acci-
dent, children had been in the habit of playing about
the meter box, tampering with its lid in their curiosity
to see the little clock-like dial within; that she then
notified one of the outside foremen of the city's water
department, who, at the time, was working in that vi-
cinity, that the lid did not fit well, and requested him
to put hinges and a lock and key on it so as to make
it secure. She further testified, on direct examination,
that she had never seen the lid actually off. She did
not deny that some change or repair had been made,
in response to her complaint to the foreman, nor would
she say that a new box was not then installed. On
cross and redirect examination, she testified that chil-
dren coming from the park had been in the habit of
taking the lid off, and that it was for that reason that
she had notified the city's foreman.

Her whole complaint relative to the removal of the
lid centers about the time when she first notified the
foreman. From that time on, more than a year elapsed
before the happening of the accident. There is no evi-

dence that, during that time, any complaint, either by respondent or by anyone else, was made to the city regarding the box or its lid. Assuming that the meter box or lid had become insecure or dangerous within the latter period, there is no evidence of notice to the city of its condition.

Approaching the case from the angle of the city's evidence, it appears that, after the respondent had registered her complaint, more than a year before the accident, a new box was installed with a cover that would not slide off, but had to be lifted off in order to be removed, and to remove it, a pick had to be used; that the meter box, including its cover, was a substantial and practical one of the same kind and construction as those used in larger cities and throughout the Pacific coast; that the box was regularly inspected by the city every month, and showed no signs of wear or of being out of order; and that no complaint concerning it was ever received by the city after the second installation; which, as stated before, was more than a year prior to the happening of the accident.

Respondent seems to have desired either an iron cover upon the box, or else one with hinges and a lock on it; this desire on her part appears to be the basis of her present complaint. The city's duty in installing and maintaining its equipment in or about its streets is not measured by the desire of adjacent property owners, but by the rule of reasonable care under the existing circumstances. From all that is disclosed by the evidence in this case, the city discharged its duty under that rule. The respective motions of the city should, therefore, have been sustained.

The judgment is reversed, with direction to the lower court to dismiss the case.

TOLMAN, C. J., MAIN, and BEALS, JJ., concur.