[No. 26477. Department Two. June 14, 1937.]

JESS BARTON *et al., Respondents,* v. SPOKANE COUNTY, *Appellant.*[1]

*Ralph E. Foley* and *A. O. Colburn,* for appellant.

*Clyde H. Belknap,* for respondents.

HOLCOMB, J.—Respondents sued to recover damages for personal injuries to respondent wife, who hereafter will be referred to as if the sole respondent.

After a trial to the court, it made, among others, these findings:

"Center street and Maple street intersect in Greenacres, Spokane county, state of Washington. Maple street was dedicated in the plat of Valleyview Addition, filed in the office of the auditor of Spokane county October 30, 1903. The east half of Center street, being the East twenty feet thereof, was dedi-

[1] Reported in 69 P. (2d) 151.

cated by said plat of Valleyview Addition filed October 30, 1903. The west half of Center street, being the west twenty feet thereof, was dedicated by deed recorded in Book 145 of Deeds on page 337 on December 1, 1903, filed in the office of the auditor of Spokane county. Both Maple street and Center street were platted as township roads and Maple street still remains a township road. On June 6, 1921 the improvement of said Center street as a part of Greenacres-Saltese road, Permanent County Highway No. 52, was inaugurated by preliminary resolution, and the improvement of said Center street as part of said Permanent County Highway was performed and completed thereafter during the year 1921. Said Greenacres-Saltese road has at all times since its improvement been maintained along the course of said Center street as a county road.

"In 1921, at the time of improving said Center street, said defendant constructed a concrete pit on the east side of Center street and the north side of Maple street at the end of an aqueduct passing under Center street from that point, and has at all times since maintained said pit at said spot. The pit is about three feet deep and of a width varying from about two feet to four feet. The concrete walls rise about ten inches above the surface of the ground and have no guard rails. The pit extends, and throughout the many years since it was built has extended, about one half way across the line of the sidewalk in front of buildings to the north and south thereof extended, and said pit lies directly across a part of the public pathway at that point for pedestrians crossing Maple street, and constitutes a trap for such pedestrians crossing said Maple street at the point indicated for that purpose by the public walks and pathways adjoining and leading up thereto. Said pit extends into the limits of Center street, a distance of approximately three inches and into the pathway about two feet. No warning lights are maintained at night. Greenacres is a thickly populated rural district. A garage and service station was at the time said pit was constructed, and at all times since has been, located on the corner less

than ten feet north of said pit. A town hall was at the time said pit was constructed, and at all times since has been, located at the south of said pit about one hundred feet, and a store is to the south of said town hall in the same block. About two-thirds of the concrete sidewalk in front of said garage is within the bounds of Center street. Said walk was in existence at the time said pit was constructed and then, and at all times since, the public has used said walk as a public way going thence south to and past the town hall and coming from the south by way of the store and town hall and along a well defined and well worn path from the end of the town hall sidewalk to the garage sidewalk. The path across the part of Maple street used by vehicular traffic is obliterated, but the path is plainly defined from the end of the garage sidewalk southerly to the west end of the pit, and from the end of the town hall sidewalk northerly on a line toward the west end of said pit to a point where vehicular traffic on Maple street obliterates the same. Public meetings are held evenings at said town hall twice a month, which meetings are attended by hundreds of people. Upon the occasion of these public meetings cars are parked on each side of the path above referred to, also on each side of Maple street and on each side of Center street to a point north of said garage. Hundreds of pedestrians daily pass back and forth over said garage walk along and over the pathway above referred to and the town hall sidewalk. An incandescent light of not to exceed 100 watts is located in front of the town hall, and is sufficient to show the outline of cars and of the garage building aforesaid, but such light is ineffective for the purpose of outlining the walls of said pit or showing its location. All of the circumstances and conditions hereinbefore set forth have existed for many years, and by the exercise of reasonable care should have been known to the defendant, and were known to the defendant on April 11, 1936. A reasonably prudent person, exercising ordinary care, would and should have realized and anticipated that a pit constructed as aforesaid, without any guard rails or without the

protective measures under existing circumstances and conditions, would be dangerous to the public and injury would be likely to result to the users of such public way.

"On April 11, 1936, between the hours of eleven and twelve o'clock p. m., said plaintiff, Ethel Barton, suffered great bodily injury by falling into said pit. Without any prior knowledge of the existence thereof, the same being obscured by darkness, said Ethel Barton tripped over the concrete wall of said pit near the west end thereof as she was walking along said public way, and she fell into said pit without any fault on her part, landing principally upon her face and head, thereby sustaining serious injuries. On the night in question she, with several hundred others, was in attendance upon a meeting of the Grange at the said town hall. At about 11:30 o'clock p. m., she left the hall going toward the north to seek her husband who was in his car which was parked upon and within Center street adjacent to the path slightly to the north and west of said pit. After she left the town hall sidewalk she followed the pathway which was for a short distance made visible by the town hall light. The path was also defined to the south side of Maple street by cars parked on both sides of the path. The lights of an automobile moving to the north illuminated the license plate of her husband's car. She proceeded safely across the street to the car, not observing the pit. Intending to return to the hall she stepped from the running board of the car down into the path, rounded the door of the car, took two or three steps toward the hall and failing by reason of the darkness to see the pit, tripped over its concrete walls without any fault on her part. . . .

"The said injuries sustained by plaintiffs were solely due to the negligence of the county of Spokane in constructing and maintaining said concrete pit at the spot indicated, without guard rails, or without any protective measures, as a trap for pedestrians passing on Center street across said Maple street along the course indicated by the sidewalks and pathways adjoining and leading up thereto."

On the above findings favorable to respondent, the court awarded judgment in the sum of $675 and costs.

The theory of appellant was that it owed no duty in fact or in law by reason of the breach of which any liability grew out of this accident.

It is stated in the brief of appellant that the court erred in its statement that what "it was concerned with, was a condition constructed and maintained by the county." Appellant admits that it constructed the so-called "condition," but that the evidence is beyond dispute that it was not maintained by it, and that it was not its duty to maintain it after it was constructed, but that the duty devolved upon the irrigation ditch owner for whom it was installed.

Appellant relies greatly on *LaBreck v. Hoquiam,* 95 Wash. 463, 164 Pac. 67, L. R. A. 1917F, 297, and cases therein cited. There, it was proven that the way was built by a private person for his personal convenience upon an unimproved, unusable street, not open to the public and not used by the public generally. We there said:

" 'But if an occupant has constructed a suitable sidewalk not for his own use merely, but for the public, and if, for many years, the public have used it, then the municipal authorities may be considered to have practically adopted it.' " *Hiller v. Sharon Springs,* 28 Hun 344.

This is similar to the situation existing here. Under the findings of the trial court, which are abundantly sustained by competent and sufficient evidence, the county created this "condition" and thereafter adopted it by permitting it to be maintained for many years. It is most assuredly true that permitting this pit to be maintained for years which it had itself created, must be considered as being maintained by appellant. Other cases from this and outside courts, cited by ap-

pellant, such as *Matson v. Pierce County,* 94 Wash. 38, 161 Pac. 846; *Culley v. King County,* 101 Wash. 38, 171 Pac. 1034; *Crooks v. Stevens County,* 102 Wash. 231, 172 Pac. 1158; *Wessels v. Stevens County,* 110 Wash. 196, 188 Pac. 490; *Mead v. Chelan County,* 112 Wash. 97, 191 Pac. 825; *Hunt v. Bellingham,* 171 Wash. 174, 17 P. (2d) 870; *Ferguson v. Lewisboro,* 213 N. Y. 141, 107 N. E. 53, and *Marcus v. Medford,* 161 Wis. 155, 152 N. W. 816, involved different facts and issues than those here.

A municipality which permits a walk to be used for public travel is liable for an injury caused by an obstruction thereof, no matter how the walk came into existence. *Saulsbury v. Ithaca,* 94 N. Y. 27, 46 Am. Rep. 122; *Ponca v. Crawford,* 23 Neb. 662, 37 N. W. 609, 8 Am. St. 144.

"Although not cited by either party, the liability of a county as a subdivision of a state has become generally well established in this state by reason of the operation of the law giving to county commissioners the control and management of county roads and highways (Rem. Comp. Stat., § 6398), and by another section of the code (§ 951), providing that an action may be maintained against a county for an injury to the rights of the plaintiff arising from the acts or omissions of such county, although none existed at the common law. *Kirtley v. Spokane County,* 20 Wash. 111, 54 Pac. 936.

"Where such duty and resultant liability extends to counties, the same rules governing liability for negligence extends to them as to towns and cities. [Citing cases.]

"In this state the law is well settled that there is a positive and continuous duty upon the part of municipalities, having control of streets and public ways, to use reasonable care at all times to keep the streets safe for the public." *Boggess v. King County,* 150 Wash. 578, 274 Pac. 188.

In this state, also, one has the right to travel upon the street on the darkest night without a lantern, relying upon the performance of their duties by the authorities in keeping the streets in a suitable condition for travel. *Mischke v. Seattle*, 26 Wash. 616, 67 Pac. 357.

A person may walk or drive in the darkness of the night, relying upon the belief that the corporation has performed its duty, and that the street or the walk is in a safe condition. If his reliance is unfounded and he suffers injury, the party in fault must respond in damages. *Bennett v. King County*, 188 Wash. 196, 61 P. (2d) 1316.

The last two citations defeat the contention of appellant that there was contributory negligence and assumption of risk on the part of respondent under the findings of the trial court. Also, *Allingham v. Long-Bell Lumber Co.*, 136 Wash. 681, 241 Pac. 298.

Finding no error in the decision of the trial court, the judgment is affirmed.

STEINERT, C. J., TOLMAN, BEALS, and ROBINSON, JJ., concur.