CHARLES MARINO, Respondent, v. THE STATE OF NEW YORK, Appellant.*

(Claim No. 24815.)

JOSEPHINE MARINO, Respondent, v. THE STATE OF NEW YORK, Appellant.*

(Claim No. 24816.)

Third Department, November 1, 1939.

*John J. Bennett, Jr., Attorney-General* [*Gerald J. Carey, Assistant Attorney-General,* of counsel], for the appellant.

*Michael Nardone* [*Roland Ford* of counsel], for the respondents.

CRAPSER, J. The cases were tried together on October 7, 1937, and judgment was entered in favor of the husband for $466 for loss of services, and in favor of the wife for $1,500.

---

* Revg. 170 Misc. 341.

State highway, route 55, passes northerly and southerly through the hamlet of Highland, Ulster county, N. Y. The road was resurfaced with a bituminous macadam top twenty feet wide. It had been a State highway from about 1911.

There was produced on the trial a book of field notes of a survey made in the year 1903. Also produced were blue prints of the contract plans of the road as built.

The county assistant to the State division engineer testified that he had made a diligent search in the division engineer's office and had been unable to find any maps showing the location of the State's right of way lines.

From the east edge of the macadam pavement it is about a foot to the concrete sidewalk, where the sidewalk is about five to six inches higher than the ditch line. The width of the sidewalk is about four and a half feet; allowing for the guard rail on the easterly side, four feet remains available for use. The guard rail on the easterly side of the sidewalk is made of pipe; it is set on the edge of the concrete walk and beyond this concrete rail there is a sheer drop of four or five feet to a creek. The drop is caused by a dry masonry wall laid underneath the easterly or the outer edge of the concrete walk.

When this highway was first built it was laid down on the roadbed as it existed at the time without any mark of deviation. The survey indicated that there was ample room to place the pavement. The distance between the west fence, as it formerly existed, to the guard rail was forty-four feet. At the particular spot where the accident happened there was a dry masonry wall under the road on both sides. The wall is fourteen feet from the macadam on the west.

It was conceded on the trial that the sidewalk was not built by the State but had been constructed by some of the residents of Highland for their own convenience.

On August 22, 1936, Josephine Marino, aged fifty, was walking along the sidewalk on the easterly side of this State highway between stations 13 and 20, opposite the lands of one Pratt, near Highland, N. Y. She caught her foot in a hole in the sidewalk and as the result fell and sustained the injuries for which the judgments have been rendered. The hole in the sidewalk had existed for upwards of two years.

The sidewalk was about a foot from the macadam portion of the highway and was from five to six inches higher than the traveled part of the highway.

There is no proof in the record as to the distance between the right of way lines of the highway or that the sidewalk was laid on the State's property and within the legal limits of the highway.

The State of New York is under no obligation to build or improve sidewalks along State highways except under the procedure provided by section 54 of the Highway Law, which was not adopted here. Nor is the State liable to maintain a side path constructed along its right of way as a purely private enterprise. (*Kibner v. State of New York*, 114 Misc. 444.)

The State would have no legal right to go upon private land to repair a sidewalk. The claimant was never upon the State highway; she was upon the sidewalk, and there is an entire absence of proof that the sidewalk was within the highway boundaries.

The burden is upon the claimants to affirmatively prove that the sidewalk had been constructed by the State or had been constructed upon State property. This burden they failed to meet.

The roadway constructed by the State was in perfect condition and the adjacent sidewalk offered no danger to the use of the highway itself. The line of demarcation between the highway and the sidewalk was clearly defined by the difference in elevation, the sidewalk being some five to six inches higher than the roadway. It cannot be said that the break in the outer edge of the sidewalk created a dangerous condition for vehicles or travelers upon the highway proper. No barrier erected by the State to separate the highway from the sidewalk could have prevented this accident for at no time was the claimant upon the paved portion of this highway.

Under the facts in this case there was no obligation upon the State to erect a barrier between the easterly side of its paved highway and the sidewalk. (*Johnscn v. State of New York*, 186 App. Div. 389.)

The claimants rely upon the case of *Jewhurst v. City of Syracuse* (108 N. Y. 303). In that case the owner of land adjoining one of the defendant's streets in the city had built a sidewalk along the line thereof consisting of two strips of twelve-inch planks, one strip inside and one outside the limits of the street. While the plaintiff was walking along the strip of plank outside the street limits it broke and she was injured. In an action for damages the testimony showed that for a year prior to and at the time of the accident the sidewalk, for want of repairs, had become and was in an unsafe and dangerous condition, to the knowledge of the defendant; also, that there was nothing to indicate the line of the street.

In the present case the sidewalk was elevated six inches above the highway and there was a space on the east side between the paved portion of the street and the sidewalk in which grass and weeds were growing.

The claimants in this case have failed to prove their case by a fair preponderance of evidence. They conceded that the sidewalk was built not by the State but by private individuals and they have failed to show that it was built upon any land owned by the State or that the State has done anything to maintain it.

The judgments of the Court of Claims in these cases are reversed, and the claims dismissed, without costs.

HILL, P. J., HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Judgments reversed, on the law and facts, and claims dismissed, without costs.